CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 27 2012

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD R. BERRY, | ) | Civil Action No. 7:12cv00500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| MICHAEL GORMAN AND GENERAL | ) | |
| ELECTRIC COMPANY | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendants. | | |

Plaintiff Reginald Berry brings this action *pro se* against defendants Michael Gorman and General Electric Company. Although Berry's complaint is by no means clear, Berry presumably intends to allege a denial of pension benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 5 U.S.C., 18 U.S.C., 26 U.S.C., 29 U.S.C., and 42 U.S.C.). Because Berry's complaint fails to articulate a plausible claim for relief, the court dismisses his claims *sua sponte* and without prejudice. The court grants Berry leave to file an amended complaint that meets the pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure within thirty days from the entry of this order.

I.

Berry's complaint indicates that he is suing for "denial of earned pension benifits [sic] protected under ERISA and EBSA" and for "failure to provide pension documents under the timeline set by ERISA and EBSA." (Pl's. Compl. 1, ECF No. 1). Except for his prayer for

relief,[1] these statements are the sum total of Berry's allegations. Additionally, Berry names Gorman as an individual defendant, but his complaint fails to provide any information as to how Gorman could be liable.

## II.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, the court must accept a claimant's factual allegations as true, but plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible," and the claim must be dismissed if it is not "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, although the court is required to liberally construe *pro se* documents, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this does not require the court to ignore an obvious failure to allege facts setting forth a plausible claim for relief. Mills v. Greenville County, 586 F. Supp. 2d 480, 487 (D.S.C. 2008) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)). Even when a plaintiff has paid the full filing fee, the district court retains discretion to dismiss the claims *sua sponte*. See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 307 (1989); United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 905–06 (4th Cir. 1995) (dismissing plaintiff's claims *sua sponte*); see also Grier v. United States, 57 F.3d 1066, 1995 WL 361271, at *1 (4th Cir. 1995) (table decision) (per curiam); Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000).

---

[1] In his prayer for relief, Berry states that he seeks "to add 5 years pension to the total years shown by General Electric" and "to receive $10,000 for each month of denied benefits since retirement age eligibility of September 1, 2011." (Pl's. Compl. 1, ECF No. 1).

2

Rather than reciting any factual allegations against either defendant, Berry has attached to his complaint various employment-related documents of no self-evident significance. In fact, Berry does not allege *any* facts entitling him to relief. Nor do any of the complaint's allegations put the defendants on notice as to the potential claims against them. Accordingly, the court dismisses Berry's claims against both defendants. The court grants Berry leave to file an amended complaint within thirty days from the entry of this order.

### III.

For the reasons stated, the court dismisses Berry's complaint without prejudice, with leave to file an amended complaint within thirty days from the entry of this order.

**ENTER**: November 27, 2012.

UNITED STATES DISTRICT JUDGE