CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 08 2013

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD R. BERRY, | ) | Civil Action No. 7:12cv00500 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| MICHAEL GORMAN and GENERAL ELECTRIC COMPANY, | ) ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Reginald R. Berry, proceeding *pro se*, filed this action against defendants Michael Gorman and General Electric Company ("GE"), alleging that the defendants denied him four years of pension benefits he earned during his time as a GE employee and failed to provide Berry with GE plan documents upon his request, both in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Berry's amended complaint appears factually deficient in a number of areas, the court orders Berry to amend his complaint within thirty days from the entry of this order, or the court will dismiss his claims.[1]

Berry's one paragraph complaint alleges that he is entitled to seventeen years of pension benefits, but GE will only give him credit for thirteen years, and that GE failed to provide him with pension documents upon request. GE has filed a motion to dismiss, arguing that Berry has failed to plead sufficient facts indicating that he administratively exhausted his denial-of-benefits

---

[1] Due to Berry's voluntary dismissal of Gorman, (see Resp. 1, ECF. No. 18), the court now dismisses Berry's claims against Gorman.

claim, and that he has not alleged sufficient facts setting forth a plausible claim to relief for failure to provide documentation.

"[A]n ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." Makar v. Health Care Corp. of Mid-Atl. (Carefirst), 872 F.2d 80, 82 (4th Cir. 1989). Taken as true, plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible," and the claim must be dismissed if it is not "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a complaint does "not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (alteration in original).

In amending his complaint, Berry must allege facts indicating that he *followed the GE pension plan's procedures* to exhaust his administrative appeals, and allege facts indicating why the plan's final decision was in error.[2] Berry must also amend his complaint to include facts indicating what documents he requested from GE, when he requested those documents, and GE's responses to those requests. If Berry fails to file an amended complaint within thirty days from the entry of this order in accordance with the identified deficiencies and the federal pleading rules, the court will dismiss his claims against GE.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Berry's claims against Gorman are **DISMISSED**. Berry is **ORDERED** to amend his complaint within thirty days from the entry of this order or his claims against GE will be dismissed. Until such time has elapsed,

---

[2] Before his denial-of-benefits claim against GE can go forward in federal court, however, if he has not already done so, Berry must *follow the GE pension plan's procedures* to exhaust his administrative appeals. See Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to federal courts.").

2

defendants' motion to dismiss is **TAKEN UNDER ADVISEMENT**. The Clerk of the Court is directed to send a certified copy of this order to Berry.

    **ENTER**: April 8, 2013.

_____
UNITED STATES DISTRICT JUDGE