CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 1 2013

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **REGINALD R. BERRY,** | ) | Civil Action No. 7:12cv00500 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | |
| **GENERAL ELECTRIC COMPANY,** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **Defendant.** | ) | **United States District Judge** |

Reginald R. Berry brings this action *pro se* against defendant General Electric Company ("GE"), alleging that GE failed to pay him all the pension benefits he was due, and failed to provide him with pension-plan documents that he requested, both in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Berry has filed a total of three complaints in this matter. Just as it did with the previous iteration of Berry's complaint, GE has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Berry's latest complaint contains comparatively more factual substance than the previous two, but it retains the same essential deficiencies that GE identified early in these proceedings. Accordingly, the court grants GE's motion to dismiss Berry's amended complaint.[1]

## I.

According to Berry, he worked as a full-time GE employee from April of 1994 to April of 2013, but GE did not credit five of those years toward his pension. In an effort to recover his pension benefits, Berry claims he complained to union officials about the problem. Having no luck with his union, Berry asked for (and received) some assistance from the U.S. Department of

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process. See Local Rule 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").

labor.[2] Berry also claims that he made several phone calls to the "pension board," which allegedly refused to speak with him. And, according to Berry, at various times he asked GE to send him "pension plan retirement documents." GE allegedly did not respond.

The court dismissed Berry's first complaint without prejudice because it was one page, less than one-hundred words, and altogether failed to state a claim to relief. Berry amended his complaint to include a few additional facts, and GE moved for dismissal on the ground that Berry's amended complaint preserved the factual insufficiency of his original complaint and, importantly, failed to allege that Berry had exhausted his administrative remedies. The court took GE's motion under advisement and ordered Berry to amend his complaint to correct its deficiencies. The court's memorandum opinion explained that

> Berry must allege facts indicating that he *followed the GE pension plan's procedures* to exhaust his administrative appeals, and allege facts indicating why the plan's final decision was in error. Berry must also amend his complaint to include facts indicating what documents he requested from GE, when he requested those documents, and GE's responses to those requests.

Op. 2, ECF No. 24 (emphasis in original). In a footnote, the court emphasized that

> [b]efore his denial-of-benefits claim against GE can go forward in federal court, . . . if he has not already done so, Berry must *follow the GE pension plan's procedures* to exhaust his administrative appeals. See Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir. 2005) ("An ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to federal courts.").

Id. (emphasis in original). Berry then filed a third complaint that added a comparative wealth of factual support for his two claims. Based on Berry's new complaint, the court denied GE's motion to dismiss without prejudice to refiling. GE soon followed up with another motion to dismiss, rehashing and expanding on its previous arguments. Berry responded, GE replied, and the matter is ripe for disposition.

---

[2] A U.S. Department of Labor employee corresponded with GE in an effort to get answers to Berry's questions. See, e.g., Exs. 3, ECF No. 1-1.

## II.

The defendants argue that Berry has persistently failed to plead that he exhausted his administrative remedies in accordance with GE's pension plan, and has likewise failed to plead sufficient facts setting forth a plausible claim to relief for failure to provide plan documents. Because Berry has had ample opportunity to correct the deficiencies in his complaints but has failed to do so, the court grants GE's motion to dismiss.

### A.

With few exceptions, an "ERISA welfare benefit plan participant must both pursue and exhaust plan remedies before gaining access to federal courts."[3] Gayle, 401 F.3d at 226. Courts require exhaustion of administrative remedies "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002).

Berry has offered the court three different versions of his complaint over the course of eight months, but has yet to hint that he *properly* exhausted his administrative remedies. When it last ordered Berry to amend his complaint, the court instructed Berry that he "must allege facts indicating that he *followed the GE pension plan's procedures* to exhaust his administrative appeals." Op. 2, ECF No. 24 (emphasis in original). Berry responded by claiming that he talked to his union about the matter, that he called the "pension board," and that he got the Department

---

[3] According to GE, "until Plaintiff complies with the administrative procedure, this court is without jurisdiction to hear substantive arguments on Plaintiff's claim to benefits." Mot. to Dismiss 6, ECF No. 28 (citing Gruber v. Unum Life Ins. Co. of Am., 195 F. Supp. 2d 711, 716 (D. Md. 2002) (making no mention of a court's "jurisdiction" to hear argument on a claim to benefits)). While the Fourth Circuit has not directly addressed the issue, the caselaw does not support GE's assertion. See, e.g., DuPerry v. Life Ins. Co. of N. Am., 632 F.3d 860, 875 (4th Cir. 2011) (recognizing that courts can excuse the exhaustion requirement); Smith v. Sydnor, 184 F.3d 356, 365 n.10 (4th Cir. 1999) (same). Other circuits have expressly concluded that ERISA exhaustion is not jurisdictional. See, e.g., Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 445–46 (2d Cir. 2006) ("[W]e hold that a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense.").

of Labor involved.  None of those efforts satisfy the plan's basic requirement that an aggrieved pensioner "must submit the disputed claim for benefits to the secretary of the GE Pension Board at 3135 Easton Turnpike, Fairfield, CT 06828" and must appeal any adverse decision within sixty days.[4]  Plan 3, ECF No. 9-3.  Because Berry has had ample opportunity to plead that he properly exhausted his administrative remedies, and because he has not taken that opportunity, the court grants GE's motion to dismiss Berry's benefits claim.

## B.

When ruling on a Rule 12(b)(6) motion to dismiss, the court accepts the factual allegations as true and views them in the light most favorable to the claimant.  See Chisolm v. TranSouth Fin. Corp., 95 F.3d 331, 334 (4th Cir.1996).  Even taken as true, however, plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible," and a court should dismiss a claim if it is not "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  If a complaint does "not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (alteration in original).  Although the court is required to liberally construe *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the court is not required to ignore an obvious failure to allege facts setting forth a plausible claim to relief, Mills v. Greenville Cnty., 586 F. Supp. 2d 480, 487 (D.S.C. 2008) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)).

---

[4] The court may consider documents "integral to and explicitly relied on in the complaint" without converting the motion to dismiss into a motion for summary judgment.  Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999); see also Clark v. BASF Corp., 142 Fed. App'x 659, 661 (4th Cir. 2005) (holding that it was proper for the district court to consider the plan documents on a motion to dismiss when the plaintiff made claims based on the plan and did not attach it to the complaint).

4

In three attempts, Berry has not stated a plausible claim against GE for failing to provide plan documents.[5]  Despite the court's instructions, Berry's latest complaint—which is the most substantial of the lot—remains vague and conclusory regarding the documents he requested and the circumstances surrounding his request and GE's failure to respond.  Because Berry has not nudged his documentation claim across the line from conceivable to plausible, the court dismisses it.[6]

### III.

The court is solicitous of *pro se* litigants, and Berry's case is no different.  Before he may proceed in federal court, however, he must exhaust his administrative remedies as provided under the plan, and he must clearly enumerate the plan documents he requested, the circumstances under which he requested them, and the circumstances under which GE failed to respond to his request.  Accordingly, and for the reasons stated, the court grants the defendant's motion to dismiss.

**ENTER**: July 1, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[5] Section 1024(b)(4) of Title 29 imposes a duty on plan administrators to, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

[6] The court notes that Berry apparently made some of his document requests *after* filing this lawsuit.